### (October 30, 1964)

■ In the Matter of JAMES T. STEVENS, Petitioner, v. CHARLES MARKS, as a Justice of the Supreme Court of the State of New York, Respondent.— Motion to dismiss petition granted and proceeding unanimously dismissed, without costs. When petitioner, a lieutenant in the Police Department of the City of New York, first appeared before the Grand Jury of New York County — which was investigating allegations of bribery and corruption in the Police Department — he signed a limited waiver of immunity. When recalled before that Grand Jury on July. 22, 1964, petitioner refused to answer any questions claiming his privilege against self incrimination. Petitioner was then brought before a Justice of the Supreme Court who directed petitioner to answer. When petitioner persisted in his refusal to answer, he was held in criminal contempt and sentenced accordingly. Petitioner attacks the validity of the waiver of immunity he signed, and contends that in the absence of a valid waiver he was within his constitutional rights in refusing to answer before the Grand Jury. The adjudication for contempt must be sustained, however, irrespective of any substance to petitioner's argument as to the continued effectiveness of the waiver of immunity. In *Regan* v. *New York* (349 U. S. 58) it was clearly held that one circumstanced as petitioner herein was required to

testify before the Grand Jury. If the waiver were invalid, petitioner would have received immunity from prosecution under sections 381 and 2447 of the Penal Law. On the other hand, if the waiver of immunity is still valid, petitioner no longer has any privilege to refuse to testify. Hence, the claimed invalidity of the waiver would be a defense in any subsequent prosecution but not a sufficient excuse to refuse to testify. In view of our conclusion that *Regan* v. *New York* is controlling here, we do not reach the question as to the effect of *Malloy* v. *Hogan* (378 U. S. 1) and *Escobedo* v. *Illinois* (378 U. S. 478) on the constitutionality of section 6 of article I of the New York State Constitution and section 1123 of the New York City Charter, which require a public servant to testify in any investigation involving his official acts or to forfeit his position. That problem may become pertinent if and when petitioner has testified, and it must be determined whether he has accordingly received immunity or has effectively waived immunity. Concur — Breitel, J. P. Valente, Stevens, Eager and Bastow, JJ.